In the Matter of the Transfer Tax upon the Estate of CHARLES K. COLE, Deceased.

STATE TAX DEPARTMENT, Appellant and Respondent; ROBERT A. SHAW et al., as Executors and Trustees, Respondents and Appellants.

**Transfer tax — decedent's estate — trust estate with remainder subject to disposition by appointment — remainders subject to transfer tax at highest rate — when corpus of trust estate created during life not taxable — remainder therefrom, passing under residuary clause of will, presently taxable.**

1. Where testator by his will gave to his testamentary trustees a certain sum in trust for his daughter and the entire residue of his estate in trust for his son with powers of appointment to such daughter and son as to disposition of the remainders of said trust funds and, in the event of their failure to make valid appointments, left said remainders to their issue surviving them or in default thereof to their next of kin, the remainders are presently subject to a transfer tax at the highest rate at which, on the happening of any of the contingencies possible, they might be taxable under the provisions of the Transfer Tax Act (Cons. Laws, ch. 60, § 220, subd. 6; § 230, amd. L. 1911, ch. 800; L. 1916, ch. 550). (*Matter of Zborowski*, 213 N. Y. 109, 112, 116; *Matter of Parker*, 226 N. Y. 260, followed.)

2. Where a father, somewhat advanced in years, with large business enterprises and living alone, proposed to his son, a physician living in another city, that if he would give up his profession and enter actively into the management of the father's affairs, he, the father, would give him an income from a certain amount of property to be put in trust during the time the son continued in such management, the father retaining the right to cancel the agreement, and the son in obedience to his father's request gave up his profession and came to New York for the purpose of complying therewith, but war having broken out entered the army where he remained until cessation of hostilities when he returned to his father and immediately entered into the active duties called for by the agreement, and the father thereafter having changed the agreement to the extent of making the same irrevocable the son accepted its conditions and has ever since performed all its terms, it cannot be successfully maintained that there was no adequate consideration for the agreement nor is there any basis for the assertion that it was made in contemplation of death.

3. No transfer tax, therefore, may be assessed upon the property thus transferred to the trustees, constituting the corpus of the trust created for the son during life, but the remainder thereunder, which passes under the residuary clause of testator's will, is presently taxable.

Matter of Cole, 202 App. Div. 546, modified.

(Argued January 8, 1923; decided February 27, 1923.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 3, 1922, which modified and affirmed as modified an order of the Dutchess County Surrogate's Court assessing a transfer tax upon the estate of Charles K. Cole, deceased.

Schuyler C. Carlton and W. E. Hoysradt for State Tax Department, appellant and respondent. For the agreements in their final form, it is submitted there was no consideration. (Matter of Canda, 114 Misc. Rep. 161; Vanderbilt v. Schreyer, 91 N. Y. 392; Robinson v. Jewett, 116 N. Y. 40; Matter of Totten, 179 N. Y. 112; Matter of Barbey, 114 N. Y. Supp. 725; Matter of Palm, 148 N. Y. Supp. 1044; Matter of Halligan, 82 Misc. Rep. 30; Matthews v. Brooklyn Savings Bank, 208 N. Y. 508; Cook v. Lowry, 95 N. Y. 103; Hutton v. Benkard, 92 N. Y. 295; Ullman v. Cameron, 92 App. Div. 91.) In the final form the gift of the remainder constitutes a contract donative in character to take effect at death. (Matter of Orvis, 223 N. Y. 1; Matter of Cory, 117 App. Div. 871; 221 N. Y. 612; Matter of Hellman, 226 N. Y. 702; Matter of Baker, 83 App. Div. 530; 178 N. Y. 575; Matter of Vanderbilt, 184 N. Y. 661; 226 N. Y. 638; Matter of Bostwick, 160 N. Y. 489; Matter of Dana, 215 N. Y. 461; Matter of Green, 153 N. Y. 225; Matter of Brandreth, 169 N. Y. 437; Matter of Cornell, 170 N. Y. 423; Matter of Ely, 149 N. Y. Supp. 90; Matter of Patterson, 146 App. Div. 286; Matter of Edgerton, 103 N. Y. 471; Matter of Masury, 28 App. Div. 580; 159 N. Y.

4

532.)  The remainder in the Virginia Garber Cole trust and the Philip Gillett Cole trust created by the will of Charles K. Cole are presently taxable. (*Matter of Howe,* 176 N. Y. 570; *Matter of Burgess,* 204 N. Y. 265; *Matter of Babcock,* 81 App. Div. 645; *Matter of Granfield,* 79 Misc. Rep. 374; *Matter of Zborowski,* 213 N. Y. 109; *Matter of Penfold,* 81 Misc. Rep. 598; *Matter of Parker,* 226 N. Y. 260; *Matter of Neher,* 105 Misc. Rep. 68; *Matter of Post,* 96 Misc. Rep. 531; *Matter of Blun,* 176 App. Div. 189; *Matter of Vanneck,* 175 App. Div. 363.)

*Frank .M. Avery* and *Earl A. Darr* for executors and trustees, respondents and appellants.  The remainder or corpus of the trust funds created by the will for the benefit of testator's children, and over which they have a non-contingent and absolute power of appointing, is not now taxable and cannot be taxed in this proceeding. (*Matter of Burgess,* 204 N. Y. 265; *Matter of Howe,* 86 App. Div. 286; 176 N. Y. 570; *Matter of Seaver,* 63 App. Div. 283; *Matter of Walworth,* 66 App. Div. 171; *Matter of Lewisohn,* 107 Misc. Rep. 582; 189 App. Div. 931; *Matter of Moore's Estate,* 162 N. Y. Supp. 213; *Matter of Stebbins' Estate,* 106 Misc. Rep. 384; *Matter of Lane,* 157 App. Div. 694; *Matter of Turner,* 82 Misc. Rep. 25; *Matter of Bucki,* 172 App. Div. 455.)  The order of the Appellate Division which taxes the remainder of the Philip Gillett Cole trust under the will is based on a patent error and must at all events be modified. (*Matter of Vanderbilt,* 184 App. Div. 166; 226 N. Y. 638; *Matter of Miller,* 77 App. Div. 473; *Matter of Baker,* 83 App. Div. 530; 178 N. Y. 575; *Matter of Schmoll's Estate,* 191 App. Div. 435; 230 N. Y. 559; *Matter of Roeck,* 111 Misc. Rep. 509, 511; *Matter of Galot,* 106 Misc. Rep. 310; *Matter of Borden,* 95 Misc. Rep. 443; *Matter of deEscoriaza,* 87 Misc. Rep. 515; *Muhlker* v. *N. Y. & H. R. R. Co.,* 197 U. S. 544; *Matter of Edgerton,* 35 App. Div. 125; 158 N. Y. 671.)

McLAUGHLIN, J.  On the 27th of February, 1920, Charles K. Cole, a resident of Dutchess county, N. Y., died, leaving a will and codicil thereto which were there probated and letters testamentary issued to the executors and trustees therein named.  Prior to the making of the will the testator entered into a contract with his son Philip in and by which he gave to him, on stated conditions, the income from certain personal property during his life.  The executors and trustees appeal from so much of the order of the Appellate Division as holds that certain remainders or reversions of the corpus of a trust fund created by the will for the benefit of the son Philip and the daughter Virginia are presently taxable, and the state tax department appeals from so much of the order as declares that the property held under the agreement between the testator and the son Philip is free from tax.

The will provided, among other things unnecessary to be here considered: (1) That $200,000 was given to testamentary trustees named, in trust, for the following purposes:  " * * * to hold the same in trust and to receive the net income of said trust and to pay over the net income thereof to my said daughter, Virginia Garber Cole, for and during her natural life and upon the death of my said daughter Virginia Garber Cole to deliver and pay over the principal of said trust unto such persons and corporations and in such shares, interests and proportions as she shall in and by her last will and testament in that behalf appoint, and in case she shall leave no such valid appointment, then to her issue surviving her, according to their stocks, and in case no issue surviving her, then to her next of kin surviving her, according to their stocks." (2) All the rest, residue and remainder of the testator's property he gave to his testamentary trustees in trust to pay the net income " * * * to my son Philip Gillett Cole for and during his natural life and upon the death of my said son Philip Gillett Cole, to deliver and pay over the principal of said trust unto such persons and

corporations, and in such shares, interests and proportions as he shall in and by his last will and testament in that behalf appoint, and in case he shall leave no such valid appointment, then to his issue surviving him, according to their stocks."

By a codicil he added to the last sentence in the bequest in trust to Philip, after the word " stocks " the following: " In case he shall leave no issue surviving him, then to his next of kin according to their stocks," making the ultimate disposition of the property given in trust for the benefit of the son precisely the same as that given for the benefit of the daughter.

Whether the remainders in these two trusts are presently taxable is one of the questions presented. Its solution necessarily turns upon the construction to be put upon section 220, subdivision 6, of the Tax Law, when the same is read in connection with section 230 of the same act, as amended by chapter 801 of the Laws of 1911. These two sections are, apparently, in hopeless conflict, but when read in the light of judicial constructions placed upon them, it seems to me that each can be given full force and effect, and in such a way as not to make them inconsistent. Undoubtedly, if section 220 be considered in and by itself without reference to section 230, Tax Law, Cons. Laws, ch. 60 (L. 1909, ch. 62), then these remainders are not presently taxable and a tax cannot be imposed until the power of appointment has been exercised. (*Matter of Burgess*, 204 N. Y. 265; *Matter of Howe*, 86 App. Div. 286; affd., 176 N. Y. 570.) But after these decisions were made, section 230 was amended (L. 1911, ch. 800; L. 1916, ch. 550) so as to seemingly change the law on that subject, so that section 230, after these changes were made, provided: " * * * when property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a

tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article.    *    *    * "

When this statute was enacted the legislature must be presumed to have known what construction had theretofore been put upon the statutes by the courts; in other words, it was charged with knowledge of certain legal principles in framing the statute. The general rule, as I understand it, is that when the legislature amends or enacts anew a statute it will be assumed that it had full knowledge of all the judicial decisions theretofore made interpreting the statute as then existing, and that being so, the new enactment must be read in the light of such previous interpretation. (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *Komada & Co.* v. *United States,* 215 U. S. 392; *Caesar* v. *Bernard,* 156 App. Div. 724; affd., 209 N. Y. 570.)

This view was clearly expressed by Judge MILLER, speaking for this court in *Matter of Zborowski* (213 N. Y. 109, 112, 116) where he said: " The legislature has unmistakably expressed the intention that all transfers shall be assessed for the purpose of taxation as of the date of the transfer, and however unjust that may be thought to be, it

is not open to objection on constitutional grounds.   *   *   *
In one aspect it may be unjust to the life tenant to tax
at once the transfer both of the life estate and of the
remainder, though contingent, and it may seem unwise for
the state to collect taxes which it may have to refund with
interest, but those considerations are solely for the legis-
lature, who are to judge whether they are more than offset
by the greater certainty which the state thus has of receiv-
ing the tax ultimately its due under the statute.   However
unwise or unjust it may seem in a particular case like
this for the state to collect the tax at the highest rate
when in all probability the remainder will vest in a class
taxable at the lowest rate, it is the duty of this court to
give effect to the statute as it is written."

This authority was followed in *Matter of Parker* (226
N. Y. 260).

Each of these remainders, therefore, was properly
assessed and at the rate stated, and the order appealed
from, to this extent, is affirmed.

This brings us to a consideration of the appeal taken by
the state, viz., as to whether the corpus of the trust
created by the father for the benefit of his son during
life, or the remainder therein specified, were assessable —
the contention of the state being there was no adequate
consider. tion for the agreement, and at most it was made
in contemplation of death.

In this I am unable to agree.   I think there was ample
consideration for the agreement.   Nor do I think there is
any basis for the assertion that it was made in contem-
plation of death.   The father, somewhat advanced in
years, had large business enterprises.   He was living
alone, he and his wife having become estranged.   His
son had adopted the medical profession and was actively
engaged in its practice in the state of Montana.   Appre-
ciating his loneliness, and the desirability of assistance in
his business enterprises, he telegraphed his son to come
at once to New York, which he did.   On his arrival the

father made him a proposition that if he would give up his profession and enter actively into the management of the father's affairs, he would give him an income from a certain amount of property, large indeed, which was to be put in trust during the time the son continued in such management — the father in the meantime having the right to cancel the agreement if he saw fit to do so. The son, in obedience to his father's request, gave up his profession and came to New York for the purpose of complying with it. In the meantime the World's War had broken out and the son thought it his duty, as did his father, to enter the service, which he did and remained abroad for some time, being seriously wounded in active service. After the cessation of hostilities he returned to the father and immediately entered upon the active duties called for by the agreement. Then, or shortly thereafter, the father changed the agreement to the extent of making the same irrevocable and provided for an income from the trust fund during the life of the son, the corpus to be held by trustees or successors to be named, as specified in the agreement. The son accepted the conditions of the agreement and has ever since performed all its terms. That this was an adequate consideration for the agreement does not seem to me to be debatable. It was a laudable arrangement on the part of both the father and son. It is a stretch of the imagination to say the agreement was made in contemplation of death for the purpose of avoiding a transfer tax.

It does not seem to me, therefore, there is any tax to be assessed upon the property thus transferred to the trustees, constituting the corpus of the trust agreement.

This, however, does not dispose of the entire question raised by the state. There is a remainder under this trust agreement which clearly, if the foregoing views in this opinion be correct, is presently taxable. What becomes of this remainder? Does it go to the next of kin of the creator of the trust, or does it pass under the

residuary clause of his will? To these questions there seems to me to be but one answer. The father desired to dispose of his entire estate. The whole will so indicates. He gives to his daughter in trust $200,000. " All the rest, residue and remainder " goes to the son, indicating that whatever there was left, after the trust created for the daughter, was to pass for the benefit of the son. This remainder was a part of all the residue and remainder. It was something left which had not been disposed of, which the testator desired should ultimately pass to the son or for his benefit. This, therefore, brings it within the doctrine established " by the reported cases and by the text-books, that where the residuary bequest is not circumscribed by clear expressions in the instrument and the title of the residuary legatee is not narrowed by special words of unmistakable import, he will take whatever may fall into the residue, whether by lapse, invalid dispositions, or other accident." (*Riker* v. *Cornwell*, 113 N. Y. 115, 127. See, also, *Lamb* v. *Lamb*, 131 N. Y. 227; *Carter* v. *Board of Education*, 144 N. Y. 621; *Matter of Miner*, 146 N. Y. 121.)

The case, therefore, should be remitted to the Surrogate's Court for the purpose of assessing a tax upon this remainder.

The order appealed from should, therefore, be modified by remitting to Surrogate's Court for assessment of further tax in accordance with opinion herein and otherwise order affirmed, without costs to either side against the other.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.