[No. 18382.  *En Banc.*  February 17, 1925.]

*In the Matter of the Estate of* Grenville D. Phillips, *Deceased.*

Mary O. Phillips *et al., Appellants,* v. The State of Washington *et al., Respondents.*[1]

Taxation (225-229)—Inheritance Taxes — Computation — Statutes—Construction. The graduated inheritance tax, under Rem. Comp. Stat., § 11202 (relating to inheritance by a sister, brother, nephew or niece), upon an estate passing under a will creating several life estates and several remainders, and also contingent estates, is to be computed upon the appraisement of each estate created, and not upon a lump sum constituting the total assessed value of the estate, in view of Rem. Comp. Stat., § 11202, providing graduated inheritance taxes upon life estates, and Id., § 11205, providing for the appraisement of the life estates and the remainder as other estates are appraised, and Id., § 11206, providing for a tax upon a contingent estate at its clear market value at the time of the transfer at the lowest rate possible under the contingency.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered October 4, 1923, upon findings in favor of the defendant, in an action to determine an inheritance tax, tried to the court. Reversed.

*Frank P. Lewis* and *Louis Henry Legg,* for appellants.

*G. W. H. Davis* and *G. G. Hannan,* for respondents.

Main, J.—This action was instituted for the purpose of determining the amount of inheritance tax that the estate of Grenville D. Phillips, deceased, should pay to the state of Washington. Prior to the beginning of the action, the estate had paid on account of this tax the sum of $15,342.63. The state supervisor of taxation took the position that this was not sufficient and that

[1]Reported in 233 Pac. 27.

the amount of the tax to be paid by the estate was $23,267.23. There is no dispute as to the facts, and the question for determination is the construction of the inheritance tax law as applied to the provisions of the will of Grenville D. Phillips, deceased. The trial court sustained the position of the state supervisor of taxation and entered a judgment accordingly. From this judgment, the plaintiffs appeal.

In order to arrive at a conclusion, it is necessary to give consideration to the provisions of the will, and also to the applicable portion of the inheritance tax law. The will names as executor and trustee John M. Phillips. It provides in paragraph 3 that the executor and trustee is to continue the business that the testator was engaged in during his lifetime as such executor and trustee may deem best, and gives to the executor and trustee the same authority and discretion in all matters which the testator would have if living. It then provides as follows:

"From time to time to pay and distribute all surplus interest, income, rents, issues and profits to and among my surviving brothers and sisters and nieces hereinafter named in equal shares, parts and proportion, share and share alike, that is to say: To my brother John M. Phillips of Seattle; to my sisters Mary O. Phillips, Emma C. Voswinkel, and my nieces Olive V. McLellan and Lois Voswinkel all of Berkeley, California, and to continue such payments and distribution until the death of the survivor of the three above named brother and sisters; and upon the decease of the brother and two sisters, the trust and trusteeship shall cease and be at an end; and upon the happening of the death of the survivor of my said brother and sisters, then my said trustee shall pay and distribute the rest, residue and remainder of my estate to and among my said two nieces, Olive and Lois, share and share alike to have and to hold the same forever. If however either of my said nieces shall die

leaving issue her surviving, then such issue shall take their mother's part and share in my estate. Upon the death of my said brother or of my said two sisters, or my said nieces leaving no issue surviving my said nieces; then and in the event, the survivors or survivor of my said brother and sisters and nieces shall share and share alike as if said deceased brother, sisters and nieces had not been named herein."

By this provision of the will it appears that life estates are given to a brother, John M. Phillips, to two sisters, Mary O. Phillips and Emma V. Voswinkel, and two nieces, Olive V. McLellan and Lois Voswinkel, share and share alike. Upon the death of the brother and the two sisters the remainder is to go to the two nieces in equal portions. There are further provisions for contingencies. One is that, in a certain possible event, the entire estate might ultimately vest in grand nieces or nephews, or, upon another contingency, in the brother or one of the sisters.

By § 11202, Rem. Comp. Stat. [P. C. § 7053], the inheritance tax rate is fixed. It is there provided that if the estate passes "to or for the use of" a sister, brother, uncle, aunt, nephew or niece, the tax shall be three per centum of any value not exceeding $50,000; five per centum of any value in excess of $50,000 and not exceeding $150,000; seven per centum of any value in excess of $150,000 and not exceeding $250,000; nine per centum of any value in excess of $250,000. The value of the total estate of Grenville D. Phillips, deceased, for inheritance tax purposes is admitted to be the sum of $347,413.66.

In computing the tax which should be paid, the state supervisor of taxation insists that it should be upon a lump sum as though passing to one brother, sister or niece. The appellants contend that, in fixing the tax, the value of the life estates first created by the section of the will quoted should be determined, the value

of the remainders should be determined, and the tax computed upon the· value of each particular estate, that is, that each life estate would be taxed at the amount it should bear under the tax rate, and each of the remainder estates should be so taxed.

According to the position of the state ·supervisor of taxation, the estate would pay, under the section of the statute above referred to, three per centum on the first $50,000, or $1,500; five per centum on the next $50,000, or $2,500; seven per centum on the next $150,-000, or $10,500, and nine per centum on the remainder, ·or $97,413.66, which would amount to $8,767.23, or a total of $23,267.23. The appellants' position is that the life estate of Mary O. Phillips, which is of the value of $20,913.64, should pay a tax of three per centum, which would amount to $627.40. John M. Phillips with a life estate of $23,081.91, at three per centum, would pay $692.46; Emma V. Voswinkel with a life estate valued at $30,412.05, at three per centum, would pay a tax of $912.36; Olive V. Loomis with a life estate of the value of $30,412.05 would pay a tax, at three per centum, of $912.36; and Lois V. Stevens with a life estate of the value of $30,412.05, at three per centum, would pay a tax of $912.38, or a total tax upon the life estates of $4,056.95.

It is further the position of the appellants that the remainders, if they vested in the two nieces, respectively, Olive V. Loomis and Lois V. Stevens, would be of the value of $106,090.98 each, and should bear a tax of three per centum on $19,587.95, this being the balance of the first $50,000 after deducting $30,412.05, the life estate to each niece under the will, five per centum on the next $50,000 and seven per centum on the balance, which would make a total tax upon the remainders of $5,642.84. Adding the tax of $5,642.84 upon each remainder, or a total upon the remainders

of $11,285.68 to the tax upon the life estates, gives $15,342.63, the amount which the appellants claim should be paid to the state.

Section 11205, Rem. Comp. Stat. [P. C. § 3421], pro-, vides, among other things, that "Whenever the estate of a deceased person shall be subject to an inheritance tax, and there shall be an annuity, life estate or an estate for a term of years given to one or more persons and the remainder to another or others, the entire estate shall be appraised as other estates are required to be appraised by the laws of this state," and that the value of the annuity, life or term estate shall be determined by the method there provided and the value of the remainder shall be determined. After these values have been determined, the tax shall be computed and collected in the same manner that the tax on other estates is computed and collected. There is a proviso to this section which permits a person owning a beneficial interest in the remainder to defer payment by the giving of a bond.

Section 11206 [P. C. § 3422], provides that

"When property is transferred in trust or otherwise and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, such property shall be appraised at its clear market value immediately upon the transfer or as soon thereafter as practicable and a tax shall be imposed upon such transfer at the lowest rate which on the happening of any of said contingencies or conditions would be possible under the provisions of this act and such tax so imposed shall be due and payable in the same manner as other taxes under this chapter: Provided, however, that on the happening of any contingency or condition whereby the said property or any part thereof is transferred to a person or corporation which, under the provisions of this act is required to pay a tax at a higher rate

than the tax imposed then such transferee shall pay the difference between the tax imposed and the tax at the higher rate, and the amount of such increased tax shall accrue and become due and payable when the person or corporation beneficially entitled thereto shall come into actual possession or enjoyment thereof."

By this section of the statute it appears that if property is transferred in trust with contingencies or conditions whereby estates therein may be wholly or in part created, defeated, extended or abridged, that the property of the estate shall be appraised at its clear market value immediately upon the transfer or as soon thereafter as is practical. It then provides that a tax shall be imposed upon such transfer at the "lowest rate which on the happening of any of said contingencies or conditions would be possible under the provisions of this act." There is the further provision that if the estate passes upon a contingency which should bear a higher rate, that it shall, at the time of the passing, pay the difference between the tax imposed and the tax at the higher rate.

The basic question to be determined upon this appeal is what is the lowest rate of inheritance tax which should be paid by the estate of Grenville D. Phillips, deceased, at this time. The statute, as pointed out, provides that it shall pay the lowest rate based upon any of the contingencies. In order to determine the rate it is necessary not only to consider relationship, but it is necessary to take into consideration value. This is apparent when consideration is given to the section of the statute, § 11202, *supra,* fixing the rates. Under that statute, when property passes to a sister, brother or niece, the rate varies from three to nine per centum. Estimating the tax according to the plan adopted by the state supervisor of taxation, a portion of the estate would pay seven per centum and a small

portion nine per centum. Computing the tax on the basis contended for by the appellants, no portion of the estate would pay a greater rate than seven per centum. It would appear that the rate adopted by the state supervisor of taxation is not the lowest rate as the statute requires. It is argued that there is no provision in § 11206, above quoted, providing for the finding of the value of the respective life estates and the remainders. Neither is there any provision against such method. The prior section of the statute which covers what is termed straight remainders fixes the method by which the value of life estates and remainders may be determined.

The state of New York has an inheritance tax law with a provision in it strikingly similar to § 11206, *supra,* and in three New York cases, where the question arose as to the amount of taxes which should be paid, the plan adopted for computing it was by finding the value of the life estates and the value of the remainders and then figuring the tax upon each. *In re Zborowski's Estate,* 213 N. Y. 109, 107 N. E. 44; *In re Parker's Estate,* 226 N. Y. 260, 123 N. E. 366; *In re Cole's Estate,* 235 N. Y. 48, 138 N. E. 733. In the New York statute there is a provision that the highest rate shall be paid, with a further provision if subsequently upon the happening of a contingency when the remainder passes it should take a lower rate, that the difference shall be refunded. In this state there is no provision for refunding if a higher rate is charged and subsequently upon the happening of the contingency the remainder should pass at a lower rate.

According to the system adopted by the state supervisor of taxation, if the estate should go just as provided in the will with the remainders finally vesting in the two nieces, the amount of tax paid to the state would be $7,924.60 in excess of what it should be, and

there is no provision in the law by which this could be refunded. It does not seem that it would be reasonable to so construe the statute that this might be done, when it is open to the construction contended for by the appellants. If the remainder of the estate should not finally vest in the two nieces, but should vest so that it would carry a higher rate, the statute expressly provides that the "transferee shall pay the difference between the tax imposed and the tax at the higher rate."

Something has been said in the briefs about the provision in the will requiring the executor to pay the tax, but this provision is only to the effect that the executor shall pay the "inheritance tax if any be due." There is nothing in the will that indicates that, on determining the amount of the tax, it should be ascertained in any other manner than that fixed by the law.

The judgment will be reversed, and the cause remanded to the superior court with direction to enter a judgment in accordance with the views herein indicated.

TOLMAN, C. J., MACKINTOSH, MITCHELL, PARKER, HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.