THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DEFOREST HULBURD *et al.* Exrs. Appellants.

*Opinion filed October 22, 1927.*

1. INHERITANCE TAX—*when bequest is taxable under section 25.* Where a testator places certain shares of stock in trust, the income to be used for the benefit of his four grandchildren until the youngest is twenty-one years of age, when distribution of the principal is to be made to them, with a provision that if any beneficiary die without issue during the period of the trust the income of that share, as well as the principal upon distribution, shall be given to the other grandchildren, the interest of each beneficiary is dependent upon the contingency of death without issue during the period of the trust and is taxable under section 25 of the Inheritance Tax act.

2. SAME—*section 25 applies to vested interests which are liable to be defeated by contingencies.* Section 25 of the Inheritance Tax act applies to vested estates when they are liable to be defeated, extended or abridged by conditions or contingencies created by a will.

APPEAL from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding.

GARDNER & CARTON, for appellants.

OSCAR E. CARLSTROM, Attorney General, HARRY A. ASH, and JOSEPH ROLNICK, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

This appeal is prosecuted from a judgment of the county court of Cook county assessing inheritance taxes against the estate of Charles H. Hulburd, deceased. The decedent was a resident of the city of Chicago and died testate on January 14, 1924. He left surviving him as his only heirs, DeForest Hulburd, his son, and Hulburd Johnston, Mary Elizabeth Johnston, Hugh McBirney Johnston, Jr., and Ethel DeForest Johnston, his grandchildren, the children of Ethel Johnston, his deceased daughter. The ages of these grandchildren at the time of the testator's death were, respectively, seventeen, fourteen, twelve and eight years. By the first section of his will the testator directed the payment of his debts and funeral expenses and the inheritance taxes upon his estate; by the second section he devised and bequeathed to his son, DeForest Hulburd, his homestead, known as 1138 Lake Shore drive, Chicago, with all his household goods; and by the third section he bequeathed to his son his jewelry, wearing apparel, personal effects and automobiles. By the fourth section of his will the testator bequeathed all his stock in the Union Special Machine Company to Hugh McBirney Johnston, his son-in-law, upon the following trusts:

"(a) In each year until the youngest of the children of my daughter, Ethel Hulburd Johnston, viz., Hulburd Johnston, Mary Elizabeth Johnston, Hugh McBirney Johnston, Jr., and Ethel DeForest Johnston, shall reach the age of twenty-one (21) years, my said trustee shall use the annual net income of the trust estate for the benefit of said children, or the survivors thereof, in equal shares, expending so much of each child's share for his or her education, support and maintenance during minority as my trustee, in his discretion, may deem necessary or proper, and paying to each child, in convenient installments, in each

year after he or she shall reach his or her majority, his or her share of such net annual income. If any child shall die prior to the time for distribution of said trust estate as hereinafter provided, leaving issue him or her surviving, I direct that my trustee shall use the share of such deceased child for the benefit of the issue of said deceased child.

"(b) When the youngest of said children, or the survivors thereof, shall reach the age of twenty-one (21) years, my trustee shall divide the trust estate, with any and all income therefrom, accrued but unpaid, and with all accumulations thereto of every kind and nature, into as many equal shares as there may be children surviving and deceased children leaving issue him or her surviving. My trustee shall convey and transfer one such share to each child then surviving and one share to the issue of any such deceased child, it being my intention that the issue of any such deceased child shall receive the share of his or her or their deceased parent, in equal shares."

The testator by the fifth section of his will devised and bequeathed one-half of the residue of his estate to his son, DeForest Hulburd. By the sixth section he devised and bequeathed the remaining one-half of the residue to his son-in-law, Hugh McBirney Johnston, and his son, DeForest Hulburd, upon the identical trusts created by the fourth section of the will. The powers of the trustees are defined by the seventh section, and the eighth names John Gillies as successor in trust. By the ninth section Hugh McBirney Johnston and DeForest Hulburd are nominated as executors, their powers as such are defined, and Gillies is named their successor. Gillies died before the testator, and the latter by a codicil to his will named the Northern Trust Company as successor, both to the trustees and to the executors, in Gillies' stead.

The estate of the testator was appraised at $1,041,024.13 as of the day of his death. The total of the inheritance

taxes as fixed by the county court's judgment was $71,-793.73, constituted as follows:

Upon the transfers to DeForest Hulburd, the son.......$40,987.26

Upon the transfer to each of three grandchildren, Hulburd Johnston, Mary Elizabeth Johnston and Hugh McBirney Johnston, Jr., of the income for one year in one-quarter of the bequest by the fourth section of the will and of the income for one year in one-quarter of one-half of the residue of the estate devised and bequeathed by the sixth section of the will, appraised, respectively, at $1339.31 and $4439.38, aggregating $5778.69, against which each of the three grandchildren was allowed an exemption of $20,000, resulting in no tax.

Upon the transfer to the fourth grandchild, Ethel DeForest Johnston, of (1) the income for one year in one-quarter of the bequest by the fourth section of the will, appraised at $1339.31; (2) the income for one year in one-quarter of one-half of the residue of the estate devised and bequeathed by the sixth section of the will, appraised at $4439.38; (3) the remainder of the bequest by the fourth section of the will, after the incomes for one year therein to Hulburd Johnston, Mary Elizabeth Johnston, Hugh McBirney Johnston, Jr., and Ethel DeForest Johnston, distributed under section 25 of the Inheritance Tax act, appraised at $107,142.76; and (4) the remainder in one-half of the residue of the estate after incomes therein for one year to Hulburd Johnston, Mary Elizabeth Johnston, Hugh McBirney Johnston, Jr., and Ethel DeForest Johnston, distributed under section 25 of the same act, appraised at $355,143.30; making the aggregate appraised value $468,064.75, less the statutory exemption of $20,000, leaving a taxable value of $448,064.75, upon which the tax was fixed at...................................$30,806.47

Total taxes ................................$71,793.73

Appellants contend that under section 25 of the act entitled, "An act to tax gifts, legacies, inheritances, transfers, appointments and interests in certain cases, and to provide for the collection of the same, and repealing certain acts therein named," (Cahill's Stat. 1925, p. 2055,) the contin-

gencies or conditions whereby the rights, interests or estates of the four grandchildren may be wholly or in part created, defeated, extended or abridged, do not permit any one of the four grandchildren to take less than an interest, terminating on the expiration of his or her life, in each of the two trust funds, or more than such life interest plus the remainders of the two trust funds after deducting the four life interests, and that for inheritance tax purposes such life interests and the remainders must be valued under section 2 of the act. The question to be determined, therefore, is whether the county court erred in allocating to each of the four grandchildren only the income for one year in one-quarter of each of the trust estates and in apportioning the remainder of each trust estate to Ethel DeForest Johnston, one of the grandchildren.

Section 2 of the Inheritance Tax act (Cahill's Stat. 1925, p. 2056,) provides: "When any property or interest therein or income therefrom shall pass or be limited for the life of another, or for a term of years, or to terminate on the expiration of a certain period the property of the decedent so passing shall be appraised immediately after the death of the decedent, and the value of the said life estate, term of years or period of limitation shall be fixed upon mortality tables, using the interest rate or income rate of five per cent; and the value of the remainder in said property so limited shall be ascertained by deducting the value of the life estate, term of years or period of limitation from the fair market value of the property so limited, and the tax on the several estate or estates, remainder or remainders, or interests shall be immediately due and payable to the treasurer of the proper county, together with interest thereon."

Section 25 of the same act (Cahill's Stat. 1925, pp. 2060, 2061,) provides: "When property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contin-

gencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred: *Provided, however,* that on the happening of any contingency whereby the said property, or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, or to any person, corporation or institution taxable at a rate less than the rate imposed and paid, such person, corporation or institution shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax laws, with interest thereon at the rate of three percentum per annum from the time of payment. Such return of over-payment shall be made in the manner provided for refunds under section 8."

Section 2 contemplates a right, estate or interest which depends upon no condition or contingency. If, however, the right, estate or interest of the transferee or beneficiary is dependent upon a condition or contingency whereby it may be wholly or in part created, defeated, extended or abridged, the provisions of section 25 are applicable. *People* v. *Donohue,* 276 Ill. 88; *People* v. *Starring,* 274 id. 289; *People* v. *Byrd,* 253 id. 223.

By the provisions in paragraph (*a*) of the fourth and sixth sections of the will, the trustee or trustees, as the case may be, shall use the annual net income of the trust estates for the benefit of the four children of the testator's deceased daughter, naming them, or their survivors, in equal shares. Paragraph (*b*) of the same sections provides that when the youngest of these grandchildren, or their survi-

vors, shall reach the age of twenty-one years, the trustee or trustees, as the case may be, shall divide the trust estates, with the income therefrom, accrued but unpaid, and the accumulations thereto, of every kind and nature, into as many equal shares as there may be grandchildren and issue of any deceased grandchild or grandchildren surviving. The will expressly provides that the trusts shall terminate when the youngest of the grandchildren, or of their survivors, shall attain the age of twenty-one years. Since Ethel DeForest Johnston, the youngest grandchild, was eight years of age at the time of the testator's death, the longest period for which the trusts can continue will be thirteen years. If a grandchild should die without issue during the term of the trusts, the share of the income which he or she would have received, if living, would not pass to the heirs of such deceased grandchild, nor could it be bequeathed by his or her will, but it would pass, under the testator's will, to the surviving grandchildren. Likewise, if any grandchild should die before the expiration of the trusts, without issue, the share which he or she would have received if he or she had survived the period of distribution will pass by the testator's will to the surviving grandchildren and the issue of any deceased grandchild or grandchildren. The interest of each beneficiary is dependent upon a contingency whereby it may be abridged or defeated, and hence comes within the provisions of section 25 of the Inheritance Tax act.

Appellants argue that the interests of the grandchildren are vested. The income and principal will unite in the grandchildren only if they survive the time fixed for the division and distribution of the trust property, and hence the contingencies which make section 25 applicable exist. Whether there is a contingency must be decided prospectively and not retrospectively. The determining factor in ascertaining the amount of the inheritance taxes is not that death, alone, can terminate the interest of a beneficiary, but whether there is a contingency which may

change the portions the several beneficiaries will receive. Section 25 in effect requires that any estate which depends upon a condition or contingency, whether the estate is vested or contingent, shall be governed by its provisions in levying inheritance taxes. The section applies to vested estates when they are liable to be defeated, extended or abridged by the conditions or contingencies created by a will. Even if it be conceded that the grandchildren took vested estates, those estates are subject to divestiture by conditions or contingencies that under the will may arise after the testator's death. (*People* v. *Donohue, supra.*) If the contingencies which, in ascertaining the inheritance taxes, it was assumed would happen do not, in fact, occur, then under the provisions of the act the excess tax collected will be refunded to the parties entitled to receive it, with interest at the rate of three per cent per annum from the time of payment. *People* v. *Starring, supra.*

The judgment of the county court is affirmed.

*Judgment affirmed.*