598

 

*In re* ESTATE OF CHARLES F. HARDING.—(HARRIET H. JONES *et al.*, Appellants, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.)

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

TENNEY, SHERMAN, ROGERS & GUTHRIE, (ROGER SHERMAN, and L. DOW NICHOL, JR., of counsel,) all of Chicago, for appellants.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Charles F. Harding died on February 24, 1932, leaving a last will and testament, which was duly admitted to probate. He left surviving him his widow, Harriet H. Harding, and his children, Harriet Harding Jones, Charles F. Harding II, and William H. Harding. An appraisement was made of his estate and an order entered October 1, 1932, assessing and fixing the inheritance tax against each of the heirs, *viz.,*—against the widow $903.33, and

against each of the children $3924.74, making a total of $12,677.55, which was paid less five per cent discount, and a receipt obtained therefor.

Charles F. Harding II died August 15, 1940, and the widow, Harriet H. Harding, died December 14, 1942. Harriet Harding Jones, William H. Harding and Roger Sherman, as trustees under the last will and testament of Charles F. Harding, deceased, filed a petition in the county court of Cook county to reassess the inheritance tax in the Charles F. Harding estate because they claim, in effect, that, under the will, the county court assessed said sum above mentioned based upon the contingencies set out in the will, and that the time now having arrived when the actual amount due on said inheritance can be properly ascertained it is disclosed the same was overassessed and overpaid in the sum of $2719.25. The county court denied the prayer of the petition and appeal has been taken directly to this court.

The will of Charles F. Harding, among other things, provided: "Third: Should my wife, Hattie H. Harding, survive me then I give, devise and bequeath all the rest, residue and remainder of my estate to my three children, Charles Harding II, Harriet Harding Jones and William H. Harding and to the survivor or survivors of them, now all of Cook county, Illinois, but nevertheless in Trust to pay the net income therefrom as near monthly as practicable, one-third ($1/3$) thereof to my wife, Hattie H. Harding; two-ninths ($2/9$) to my daughter, Harriet Harding Jones; two-ninths ($2/9$) to my son, Charles F. Harding II and two-ninths ($2/9$) to my son William H. Harding, during the existence of the trust. And in case any of my sons or my daughter shall not survive me or shall not survive the termination of this trust, then the share of income going to such deceased child or children shall go to the wife or husband as the case may be of such deceased child or children to be used for the support of

their respective families until the termination of this trust—
* * *. This trust shall terminate immediately upon the death of my wife, Hattie H. Harding, and my trustees shall thereupon distribute the entire trust estate together with accumulations, if any, to the same persons and in the same portions and in the manner as provided under Item Fourth of this Will." Then follow provisions for execution of the trust.

The fourth clause reads: "Fourth: If my wife, Hattie H. Harding, shall not survive me, then I give, devise and bequeath all such rest, residue and remainder of my estate to my three children, Harriet Harding Jones, Charles F. Harding II and William H. Harding, now all of Cook county, Illinois, share and share alike, and if any of my children shall not survive me, then the wife or husband and child or children considered as one class, of such as do not survive shall take the parent's share, in equal parts, provided that if my son, William H. Harding, shall not survive me and shall leave no wife or child, then his share shall go to my other two children, Harriet Harding Jones and Charles F. Harding II, share and share alike or to the children per stirpes of either or both of the two not surviving."

It is the contention of appellants that the county court ordered the estate to be taxed under section 25 of the Inheritance Tax Act, (Ill. Rev. Stat. 1943, chap. 120, par. 398,) and that Charles F. Harding II having died before the termination of the trust his share of the estate became distributable one half to his widow and one half to his four children, in equal parts, and, because of the exemption each of said children was entitled to under the law, the amount taxable was reduced in the sum of $2719.25, and that Charles F. Harding II having died before the termination of the trust the contingency contemplated by the State in taxing his distributable share under section 25 did

not occur, and the trustees of said estate are, therefore, entitled to a reassessment and a refund.

Section 25 of said act reads as follows: "When property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this Act, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred: Provided, however, that on the happening of any contingency whereby the said property, or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, or to any person, corporation or institution taxable at a rate less than the rate imposed and paid, such person, corporation or institution shall be entitled to a reassessment or redetermination of the tax and to a return by the State Treasurer of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax laws."

Appellee and appellants place different constructions upon the provisions of the will of Charles F. Harding, but, to our mind, it is not necessary at this time to construe said will to determine whether the interest of the wife and children was vested or contingent, or vested and subject to be divested. In our opinion, the point actually to be determined is whether the county court, in determining and fixing the inheritance tax upon the estate of Charles F. Harding, deceased, based it upon interests of a devisee being reduced or lost through a contingency, or whether the in-

terests of the several devisees and legatees were presently vested, fixed and ascertained at the date of his death without contingency.

Appellants made the specific allegation in their petition that the county court ordered the estate to be taxed under section 25. The appellee in its answer expressly denied this allegation. No evidence was offered other than the copy of the will, the assessment order, and the receipt showing the payment of the tax. The tax was assessed to the widow and the three children as though the enjoyment was presently vested in them, without being subject to any contingency, as is provided in section 25 of the act. Smith-Hurd Stat. 1933, chap. 120, par. 398.

At the time the inheritance tax was assessed and the court had before it the last will of Charles F. Harding, deceased, it was open to the court to examine the terms of the said will, and to determine whether the widow and heirs took presently vested interests without any contingency, or whether there were contingencies provided in said will which might increase the tax in case the contingency occurred. The amount of the tax fixed by the court was such as would have been assessed to the widow and children as beneficiaries whose interests are presently fixed and vested without any contingency. If the court had considered there was any contingency by which persons other than the wife and children would take as beneficiaries under the will, such as the requirement that a child survive the termination of the trust at the death of Harriet H. Harding, and all of the possibilities of who might be the ultimate taker in such an event, the tax would have been considerably larger, so, therefore, we must assume, because no other assumption is possible, that the county court fixed the inheritance tax based upon a construction of the will which would give to the widow and children a presently fixed vested estate, without any contingency whatever.

Appellants, however, proceed upon the assumption that because Charles F. Harding II died before his mother and before the termination of the trust, leaving a widow and four children with an aggregate exemption of $100,000, the tax which should be assessed against the Charles F. Harding II share is $1062.37 instead of $3924.74, and therefore a contingency, such as is contemplated in section 25, exists, entitling the trustees of said estate to reassessment and refund.

This contention is not tenable, because we have held in *People* v. *Hulburd,* 327 Ill. 72, in construing the application of section 25 of the act in question, that whether there is a contingency must be decided prospectively and not retrospectively, and, hence, the actions of the county court must be considered in the light of the circumstances which appeared before it at the time the tax was assessed. At that time the wife and three children were living. If the interests were fully vested the amount fixed by the court was based upon the fact that there was no contingency which would reduce their interests or which would vest an interest in some person who would be obliged to pay a greater tax. The fact that one of the children died before the trust terminated does not establish that the tax was fixed under section 25, when, if contingencies were considered at all, it would include the possibility that the entire remainder would vest in one person, resulting in a much higher tax to be assessed. If the tax was assessed upon the assumption that the widow and children had presently vested interests, not subject to contingency, then the death of a child would result in the estate of such child passing to its heirs, without any effect upon the tax.

Before there can be any reassessment or refund of taxes it is necessary, not only under the law but under the complaint of appellants, that there be an assessment of taxes under section 25; and, if there is no assessment of

taxes and payment of the assessment as provided by section 25, there is no fund created out of which a reassessment could be paid in case it should later be established that the contingency could not happen.

That is the situation in this case. The court examined the will and determined the interests were fully vested. By so doing it determined there was no contingency which might possibly occur that could increase the tax, and consequently did not require the estate to pay the greater sum required under section 25 to take care of the contingency which might possibly happen. Not having required any money to be paid under this section of the statute, it is clear the tax was not established or paid under section 25, and there is, therefore, no fact existing, and no tax established based upon section 25, necessary to entitle appellants to reassessment and recovery.

It is our view appellants were not entitled to relief, because there was never any showing that any money had been paid for contingent inheritance taxes assessed under section 25 of the Inheritance Tax Act, which was a prerequisite to the relief prayed.

The order of the county court of Cook county is hereby affirmed.

*Order affirmed.*