(No. 29858.—

In the Matter of the Estate of Joy Morton.—(The People of the State of Illinois, Appellant, *vs.* Sterling Morton *et al.*, Appellees.)

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

George F. Barrett, Attorney General, (William C. Wines, of Chicago, of counsel,) for appellant.

McBride & Baker, (L. M. McBride, E. H. Baker, Jr., and Harvey Wienke, of counsel,) all of Chicago, for appellees.

Mr. Justice Fulton delivered the opinion of the court:

This is an appeal from an order of the county court of Du Page county granting to the appellees as surviving trustees under the will of Joy Morton, deceased, a reassessment of inheritance taxes previously paid by the executors of said estate. The case comes to this court on direct appeal since the revenue is involved.

Joy Morton died May 9, 1934, leaving a last will and testament. His estate was valued for inheritance tax purposes at over $9,000,000. He left surviving his widow, a son and a daughter. After making specific bequests and various devises not involved in this proceeding he devised his residuary estate to trustees, who are the petitioners in this proceeding, with directions to make certain transfers immediately to a previously created charitable trust, hereinafter referred to as the Arboretum Trust, to accumulate the entire income from the trust estate for two years, and thereafter during the next eight years to add one half of the income of the trust to the *corpus* thereof, the remaining one-half of the income during said period to be distributed to the widow, the son and the daughter in equal shares. At the end of the ten-year period the trustees were to distribute the *corpus* and accumulated income in equal shares to the widow, the son and the daughter if they should then be living. In the event of the death of any one of them within the ten-year period there were certain gifts over, the will providing that in the event of the death of the widow within the ten-year period the trustees were to pay one half of her share of the income as she should, by will, appoint and pay the other one-half of the income or the whole thereof, if the widow did not so appoint, to the Arboretum Trust. The will also provided that should

the widow die before the expiration of said ten-year period she should have a power of appointment over one half of her share of the *corpus* and that the other one half of her share of the *corpus* was to go to the Arboretum Trust. The widow died April 22, 1940, within the ten-year period. By her will she exercised her power of appointment given to her by her husband's will. As a result of her death, one half of her interest in the accumulated income and *corpus* in the trust created by her husband's will passed to the Arboretum Trust.

At the time of Joy Morton's death, the value of the widow's interest under his will was determined to be $3,042,737.49 for inheritance tax purposes. This valuation was based upon the assumption that she would survive the ten-year period and included one third of the residuary estate. The tax originally paid on her interest amounted to $391,983.24. By reason of her death prior to the expiration of the ten-year period and the passing of one half of her interest in the residuary estate to the Arboretum Trust, the tax which should have been assessed against her interest amounted to $31,234.17. The trustees, who were also the executors under the will of Joy Morton, paid the original tax, since his will provided that "any inheritance tax imposed by any governmental authority on any devise or legacy contained herein shall be treated as a liability of my estate and shall be paid by my executors out of my estate so that no devisee or legatee shall be obligated to pay any such tax, but shall, on the contrary, receive the devise or legacy undiminished by the imposition thereof." The trustees therefore claim a refund in the amount of $360,749.07.

Section 25 of the Inheritance Tax Act (Ill. Rev. Stat. 1935, chap. 120, par. 419,) provides in part, "When property is transferred or limited in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby

they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this Act, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred: *Provided, however,* that on the happening of any contingency whereby the said property, or any part thereof is transferred to a person, corporation or institution exempt from taxation under the provisions of the inheritance tax laws of this State, or to any person, corporation or institution taxable at a rate less than the rate imposed and paid, such person, corporation or institution shall be entitled to a reassessment or redetermination of the tax and to a return by the State treasurer of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person, corporation or institution should pay under the inheritance tax laws."

On June 3, 1946, the county court of Du Page county entered an order of reassessment reducing the valuation of the widow's interest in the residuary estate and reducing the taxes assessed thereon. From this order the People appeal.

The first contention made by the People is that appellees are not entitled to a reassessment since neither the executors nor the beneficiaries under the will of Margaret Gray Morton, the widow of Joy Morton, nor the Arboretum trustees are parties in the instant proceedings, the contention being that those parties are the actual parties entitled to a refund, if any refund is due. The People contend that the present judgment is void for want of these indispensable parties.

The People also contend that the tax in question was not assessed under section 25 of the act and no reassessment of the tax is therefore possible.

The sufficiency of the parties was not in any way questioned in the county court by the People and that question is first raised on appeal. The record shows that the original petition for reassessment was filed on April 24, 1944, and it was not until March 29, 1946, that the People finally filed an answer although in the interim appellees had petitioned the county court to set the matter down for hearing and a reassessment had actually been ordered at one time. The answer does not in any way question the sufficiency of the parties to the proceeding. With the filing of this answer the People made a motion to vacate the order previously entered granting the reassessment, which motion was allowed by the court. Subsequently, on June 3, 1946, the order of reassessment appealed from in this cause was entered. In view of this record there can be no excuse for the action of the People in failing to question the sufficiency of the parties in the lower court.

Under section 25 of the Inheritance Tax Act, the tax imposed is due and payable by the executors or trustees out of the property transferred. By the terms of Joy Morton's will the executors were made responsible for the payment of the inheritance tax out of the residuary estate. In view of the fact that none of the devisees or legatees paid the tax and since the petitioners are the trustees of the entire residuary estate under Joy Morton's will, there is no fatal defect by the mere omission of certain beneficiaries as parties to this proceeding, since the only parties who have any interest in a refund are the petitioners in this cause. Had the question been originally raised in the trial court, the new parties might have been properly included but since the People have not previously raised that question and since it appears that all necessary parties who have any actual interest in a refund are before the court, the People's objection to the sufficiency of the parties is not well taken.

The People have contended that the original order assessing the tax should have found that the tax was assessed under section 25 and that the interest of the widow was contingent before a reassessment and refund can be accomplished in this case. With these contentions we cannot agree. Section 25 of the act as it existed with reference to this estate does not contemplate any specific finding that the tax paid was paid under section 25. It appears that the tax paid·was paid at "the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this Act." The tax was paid ·on the basis that the widow received an undivided one-third of the residuary estate absolutely and as her own property, and it appears from· the evidence that the happening of any of the contingencies or conditions attached to the gift to the widow would not have resulted in a higher tax. Under these circumstances, there can be no doubt that the tax was assessed and paid under section 25 of the act and, therefore, the plaintiffs are entitled to a reassessment thereof.

The People have relied very heavily upon the case of *In re Estate of Harding*, 388 Ill. 598, in which case this court affirmed the action of the county court of Cook county in refusing to grant a reassessment under section 25. In that case we said, at page 602, "If the court had considered there was any contingency by which persons other than the wife and children would take as beneficiaries under the will, such as the requirement that a child survive the termination of the trust at the death of Harriet H. Harding, and all of the possibilities of who might be the ultimate taker in such an event, the tax would have been considerably larger, so, therefore, we must assume, because no other assumption is possible, that the county court fixed the inheritance tax based upon a construction of the will which would give to the widow and

children a presently fixed vested estate, without any contingency whatever." In the case at bar, the tax was paid at the highest rate, and the happening of any of the contingencies would have resulted in a lower tax. Therefore, it appears that the only proper manner in which the county court could have assessed the tax was under section 25. Where it appears from a reading of the will that the tax could be assessed under section 25, and where the tax paid was the highest tax which would ever be due under any contingency, we must presume that the tax was paid under section 25, since there is no language in the statute which requires the court to indicate in its original order assessing the tax that the tax is being assessed under section 25.

The order of the county court reassessing the inheritance tax is affirmed.

*Order affirmed.*