IN RE ESTATE OF FLORENCE SCHNEPP, deceased.

ROBERT J. SCHNEPP et al., executors-appellees, v. IOWA STATE TAX COMMISSION, objector-appellant.

No. 51839.

(Reported in 138 N.W.2d 886)

334

December 14, 1965.

Lawrence F. Scalise, Attorney General, and Thomas W. McKay, Special Assistant Attorney General, for appellant.

David G. Bleakley, Bleakley & Vietor, of Cedar Rapids, for appellees.

Stuart, J.—This case reaches us as an appeal by the tax commission from an order of the trial court overruling its objections to the discharge of the executors of the will of Florence Schnepp. The commission claimed there was a deficiency in the payment of inheritance tax. The one question to be determined is whether the inheritance tax on a contingent remainder paid before the contingencies are resolved should be determined by the order of passing under the provisions of the will or by the probable order of passing calculated mathematically under standard mortality tables.

Testatrix' will created a trust under which her surviving spouse, age 52, was to receive the income for life. Her three brothers, all of whom were older (57, 64, 67) than the spouse, were each to receive a portion of the corpus of the trust if they survived him. The share of any brother who failed to survive the spouse was bequeathed to specified nieces and nephews. We have referred only to the portions of the will directly involved in the question presented here. The executors made a final inheritance tax return in which they computed and paid the inheritance tax, including that on the deferred contingent estates, in accordance with the option provided by the pertinent sections of chapter 450, Code of Iowa. The tax was computed at the rate

of five percent on the remainder interest which would pass to the brothers under the will if they were alive at the termination of the life estate. The tax commission objected, arguing that as any interest the brothers would receive was contingent upon their surviving a younger man and as no mortality table shows an older man will outlive a younger man, as a matter of probability, the remainder interest will pass to the nieces and nephews and should be taxed at the ten percent rate.

This interesting theory is presented to us for the first time. The only authorities cited to us by the commission are our own inheritance tax statutes and a New York case. We do not understand the commission to claim our inheritance tax statutes clearly provide for the taxing of contingent remainders on the basis of probability. If they do so contend, we must disagree, as we cannot read such authorization into our statutes. Section 450.51 provides for the use of mortality tables in computing the value of deferred estates, but does not authorize their use in determining to whom a contingent estate will pass. Section 450.96 is concerned with the taxation of contingent estates, but its terms do not embrace the situation confronting us here. The tax commission is then, at best, faced with the rule that in taxing statutes subject to construction, all doubts must be resolved against the government and in favor of the taxpayer. Tavener v. Tax Commission, 231 Iowa 162, 164, 300 N.W. 653. It may be that this rule disposes of the case, but we believe the commission's position deserves further discussion.

The tax commission misconstrues In re Hoffman's Estate (1894), 143 N. Y. 327, 334, 38 N.E. 311, 313, which is cited in support of its position. The court there states it could "scarcely imagine a contingency depending upon lives which mathematics could not solve by the doctrine of chances and the averages of mortality", but it did not follow this line of construction which would open "all the nice and difficult questions which arise under a will as to the vesting of technical legal estates, although future and contingent, and assess the tax upon what are in reality only possibilities and chances." Instead it subordinated the technical phrases "to the facts of actual and practical ownership". It compelled taxation "to wait until chances and possibilities develop

into the truth of an actual estate possessed, or to which there exists an absolute right of future possession." The appraisal was adjourned "until the rights of Ella and Olga become fixed and actual." The New York court rejected the mathematical calculation method of resolving contingent remainders urged on us here by the commission.

It would be simple if it were possible to insist proceedings to ascertain inheritance taxes be deferred until rights become fixed and actual. This is the procedure outlined in section 450.46. However, the alienability of property would be severely restricted as it would be incumbered by a lien for the unpaid inheritance tax. Therefore, section 450.52 permits payment of inheritance tax on deferred estates "on the present worth of such interests determined according to the rules herein fixed." The difficulty is the statutes do not provide rules for contingent remainders in the situation involved here.

We have found three types of statutes which attempt to solve this problem. In 1899, after the Hoffman case, supra, New York adopted a statute which provided for the immediate assessment of the tax on contingent estates at the "highest possible rate" and provided for a refund if a contingency occurred resulting in a lesser tax. In re Zborowski's Estate, 213 N. Y. 109, 113, 107 N.E. 44; In re Parker's Estate (1919), 226 N. Y. 260, 123 N.E. 366. Similar statutes are found in *Illinois*, In re Estate of Harding, 388 Ill. 598, 58 N.E.2d 524, 158 A. L. R. 210; In re Morton's Estate, 396 Ill. 594, 72 N.E.2d 809; *Missouri*, In re Estate of Bernays, 344 Mo. 135, 126 S.W.2d 209, 122 A. L. R. 169; and *Ohio*, In re Friedman's Estate, 154 Ohio St. 1, 93 N.E. 2d 273, In re Coyle's Estate, 97 Ohio App. 458, 122 N.E.2d 115.

In Wisconsin the tax is assessed at the "lowest possible rate" under existing conditions with the right to collect additional tax if other contingencies occur. State v. Pabst, 139 Wis. 561, 121 N.W. 351. A similar statute at one time existed in Washington, In re Estate of Phillips, 133 Wash. 41, 233 P. 27, but the statute was changed to impose a tax " 'upon such transfer at the highest rate which on the happening of any of said contingencies or conditions would be probable under the provisions of this act.' " In re Waterman's Estate, 173 Wash. 101, 104, 22 P.2d 53, 55; In

re Eaton's Estate, 170 Wash. 280, 282, 16 P.2d 433, 434. At the time those cases were decided, Washington was the only state to have a statute imposing a tax on probabilities.

No authorities have been cited, and we have found none, where taxes have been assessed on the rule of probabilities without statutory authorization. We should point out that the statutes which impose the highest rate of tax "possible" or "probable" also carry a provision for refund if the actual ownership results in a lower tax. There is considerable doubt as to the constitutionality of a statute which would compute a tax on probabilities and not provide for a refund if in fact other contingencies resulting in a lower tax occurred.

For the reasons stated above we affirm the ruling of the trial court.—Affirmed.

All JUSTICES concur.