HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.

---

In the Matter of Proving the Last Will and Testament of ELIZABETH W. CLARK, Deceased.

FRANK A. PLACE, Petitioner and Appellant, *v.* EZRA CLARK and Others, Respondents.

*Evidence of a subscribing witness to a will living out of the State — when taken — Code of Civil Procedure, § 2620.*

Section 2620 of the Code of Civil Procedure, as amended by chapter 508 of the Laws of 1888, does not require the evidence of a subscribing witness to a will, absent from the State, to be taken before the probate thereof, unless it is demanded by a party to the proceedings.

APPEAL by the petitioner, Frank A. Place, from a decree of the Surrogate's Court of Oswego county, entered in the office of the clerk of the Oswego County Surrogate's Court on the 2d day of November, 1893, refusing probate of an instrument alleged to be the last will and testament of Elizabeth W. Clark, deceased.

*D. P. Morehouse*, for the petitioner, appellant.

*C. N. Bulger*, for the respondents.

MERWIN, J.:

In this case it appeared that one of the subscribing witnesses was absent from the State, but that her place of residence out of the State was known, and her evidence could be taken by commission. It was not so taken. Upon the evidence, in fact, given, it was found by the surrogate that the will was duly executed in the manner required by law, and that the testatrix at the time of executing it was in all respects competent to make a will, and not under any restraint. Probate was, however, refused, "upon the sole ground

that the court has no power or jurisdiction to admit said will to probate without causing the testimony of said absent witness to be taken by commission out of the State, as required by sections 2619 and 2620, Code of Civil Procedure."

The provisions of section 2620, as it stood prior to 1888, would probably justify the conclusion of the surrogate that it was necessary to obtain the evidence of the absent witness. That section, however, was amended by chapter 508 of the Laws of 1888, and as it now stands it does not require the evidence of the absent witness to be taken, unless it is asked for by one of the parties. In the present case it was not asked for by any of the parties, and there was, in fact, no opposition to the proof of the will. We think that the surrogate erred in refusing to admit the will to probate.

It follows that the decree should be reversed, and the proceedings be remitted to the Surrogate's Court with directions to admit the will to probate. (*Matter of Will of Martin,* 98 N. Y. 193.)

HARDIN, P. J., and MARTIN, J., concurred.

Decree reversed, with costs to appellant, payable out of the estate, and proceedings remitted to Surrogate's Court with directions to admit the will to probate.