SECOND DEPARTMENT, JULY, 1940.

(July 2, 1940.)

In the Matter of the Judicial Settlement of the Account of Proceedings of WIRT P. MARKS, as Temporary Administrator, etc., of GRACE BRADLEY WALTERS, Deceased, and as Executor, etc., of GRACE BRADLEY WALTERS, Deceased, and an Application for a Construction of the Will and for Instructions.

MARGARET A. WELDON, Legatee, Appellant; WIRT P. MARKS, as Temporary Administrator, etc., of GRACE BRADLEY WALTERS, Deceased, and as Executor, etc., of GRACE BRADLEY WALTERS, Deceased, L. KINGSLEY SMITH, as Special Guardian for JOHN ALSOP DAVIS, Named Infant Legatee, RICHARD COLEMAN BRADLEY, One of the Residuary Legatees, ROBERT E. WALTERS, Legatee, and JOHN R. CARTER, Legatee, Respondents.

Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Taylor, J., dissents in part, with opinion.

TAYLOR, J. (dissenting). I dissent from the majority view only in so far as the determination approves the provisions of the decree appealed from which are to the effect that the legacies to the appellant Margaret A. Weldon (now Law) lapsed and became part of the testatrix's residuary estate. Those provisions are based purportedly on section 27 of the Decedent Estate Law. In my opinion, upon the undisputed facts, those legacies have not been forfeited by the legatee, who, although one of only two subscribing witnesses to the will, within the purview of the statute was not in the category of a subscribing witness without whose testimony " such will can not be proved." Section 27 of the Decedent Estate Law is highly penal. It provides for forfeiture. Under now familiar principles, it must be strictly construed. It may not be supplemented in its provisions by anything which would amount to judicial legislation.

The probate was accomplished lawfully without the testimony of the appellant as a subscribing witness. She did not testify either upon the probate proceedings or pursuant to a commission duly issued to take her testimony without the State. She did, indeed, purposely absent herself from the jurisdiction and made herself unavailable as a witness. For this she may be the subject of criticism morally; but as section 27 of the Decedent Estate Law reads at present, her conduct did not affect her legal right to receive her legacies (vide Bryce v. Lorillard Fire Ins. Co., 55 N. Y. 240, 247, last paragraph), for the will in fact was lawfully proved without her testimony. In the Bryce Case, just cited, the factual situation was

different, but the principle there announced by the Court of Appeals applies (p. 247). The court said: " We are of the opinion that the defendant established a strictly legal defense to the action of the plaintiff. As we sit here to declare the law, and not to propound a code of morals, we must sustain it."

To return to the situation before us, the appellant is not debarred merely because of her status as a subscribing witness. (*Matter of Owen*, 48 App. Div. 507, 509; *Caw v. Robertson*, 5 N. Y. 125; *Matter of Brown*, 31 Hun, 166; *Matter of Smith*, 165 Misc. 36, 45.) The circumstance which under the statute causes forfeiture is only that " such will can not be proved without the testimony of such witness, * * *." (Dec. Est. Law, § 27.) The bequests to the witness were valid. She was out of the State, to be sure purposely, when the probate was had, did not testify in the probate proceedings or on commission, and her testimony was *not* necessary to prove the will, thus proved without it. Section 141 of the Surrogate's Court Act provides: " Witnesses to be examined; proof required. Before a written will is admitted to probate, two, at least, of the subscribing witnesses must be produced and examined, if so many are within the State, and competent and able to testify. * * *." The surrogate received sufficient proof that appellant could not be found within the State, and of other relevant facts, and, by order, duly dispensed with her *testimony*, according to law. (Surr. Ct. Act, § 142.) Section 142 provides, also, for the taking of the testimony of such a witness without the State upon commission, if it is shown that his testimony can be obtained with reasonable diligence, and if any party demands that it be so taken. The section does not require that this be done unless demanded by a party to the proceeding. (*Matter of Clark*, 75 Hun, 471.) There was no such demand in this case.

The evidence discloses that the appellant was a faithful and trusted employee of the deceased, and that the latter desired to make her an object of the testatrix's bounty. Equitable considerations, under the circumstances, are in the appellant's favor. The will was not drawn under the auspices of a lawyer. It was the holographic will of a layman, presumed to know the law as embodied in section 27 of the Decedent Estate Law, but, undoubtedly, ignorant of it. It is inconceivable that this testatrix would have done intentionally a vain thing in giving legacies to the appellant.

I vote to modify the decree in accordance with the views above expressed, and, as thus modified, to affirm the same.