Moss, S.
In this final accounting of a trust created for Howard F. Welsh under clause Ninth of testatrix’ will, a construction is sought as to the disposition of the remainder thereof. Testatrix died on March 27, 1918. Under the afore *441 said clause testatrix devised two parcels of realty in trust, with power to convert the same into cash, and to divide the same into two equal parts: “ to pay the income of one of said parts to Howard F. Welsh, for, and during the term of his natural life, and after his death, to pay the income of said part to Robert C. Welsh”. Testatrix then provided that the income of the other part be paid to Robert C. Welsh for life, then to his issue until twenty-one years old and then the principal to them in equal shares, and if there be no issue, the income to be paid to Robert’s wife, Elmira, for life, “ and upon her death, the said part and all increments thereof are to be disposed of as directed in the tenth clause of this, my last Will and Testament. ’ ’ The income of Howard’s trust was paid to him for life and thereafter to Robert, who survived him and died on January 7, 1954. Robert’s trust still subsists as he died without issue but was survived by his widow, Elmira, who was the contingent secondary beneficiary of his trust.
The Tenth clause of testatrix’ will disposed of her residuary estate, which she gave in trust for the lifetime benefit of a niece, and the remainder was given .in equal shares to four charitable organizations. The niece predeceased the testatrix.
Howard’s only child, Francis, contends that there being no provision for the disposition of Howard’s trust after the.death of Robert, the gift lapsed and there was an intestacy, which should be paid to the natural objects of the testatrix’ bounty, the heirs, and that upon the death of both Howard and Robert, he was left as the sole heir and should receive such part.. The probate proceedings however disclose that Howard and Robert were stepsons of the testatrix.
It is urged that under the principle declared in Hatch v. Bassett (52 N. Y. 359), since there is an unrestricted gift of income without limitation of time and no. express disposition of the principal, the corpus of the trust vested in the income beneficiary. A similar argument was advanced in Matter of Loomis (154 Misc. 549) and rejected as the instrument under construction, contained a residuary, clause, under which it was held that the trust corpus was payable to the residuary legatee.
In the instant case no intestacy of the remainder of the trust follows because of the failure to provide for its disposition within its own clause. Clause Tenth — the residuary clause — is broad enough to embrace within it the said remainder (Matter of Cole, 235 N. Y. 48, 56; Matter of Frayer, 155 Misc. 811, affd. 246 App. Div. 703) and the will is so construed. Settle decree on notice.