Anthony P. Savarese, S.
Florence Young Locke died on February 6, 1955 survived by six cousins as next of kin. Her last will and testament was duly admitted to probate on June 21, 1955, and letters testamentary were issued to the petitioner who brought this proceeding to judicially settle her account. Objections have been filed by the six cousins of the decedent as next of kin and by Florence Crittenton Home of Charlotte, N. C., Inc., as a legatee under the will.
The Home objects to the proposed distribution of certain real and personal property devised and bequeathed, under paragraphs ‘ ‘ Eleventh ’ ’ and ‘‘ Twelfth ’ ’ of the will to a friend who predeceased the testatrix. Objectant Home asserts that the property involved in these two lapsed legacies falls into the residuum of the estate of which testatrix disposed in paragraph ‘ ‘ Fourteenth ’ ’. Petitioner contends that these lapsed legacies result in partial intestacy despite testatrix’ disposition of “ all the rest and residue ” of her estate, “ including all lapse (sic) legacies ” to the Home and two other residuary legatees. Accountant’s contention is based on the omission in paragraphs “Eleventh” and “Twelfth” of a sentence included in all other dispositive paragraphs expressly providing that, in the event of lapse, the property bequeathed should become part of the residuary estate. It does not appear that the omission of this sentence in the dispositions in question represents a sufficient indication of testatrix ’ intention to avoid the normal effect of a residuary clause, viz: to dispose of “ whatever may fall into the residue, whether by lapse, invalid dispositions or other accident.” (Riker v. Cornwell, 113 N. Y. 115, 127; see, also, Langley v. Westchester Trust Co., 180 N. Y. 326; Matter of Cole, 235 N. Y. 48; Matter of Welsh, 1 Misc 2d 440.) Accordingly the objection of the Home is sustained and the subject property will be distributed as residuary property.
The next of kin of the decedent object to the proposed disposition of property to the Florence Crittenton Home of Charlotte, N. C., Inc., under paragraphs “ Thirteenth ” and “ Fourteenth ” of the will. They contend first that the gift under paragraph *476 ‘‘ Fourteenth ’ ’ to the ‘ ‘ Managers or Trustees of the North Carolina Florence Crittenton Home, * * * to be used for the benefit of said home. To have and hold the same in fee simple ” violates the “ rules of perpetuities. ’ ’ It is further objected that no institution named “ North Carolina Florence Crittenton Home ” existed at the time the will was executed. As to the latter objection, it is clear that the beneficiary intended was the institution known when the will was executed as the “ Charlotte Crittenton Home ” and presently designated the “ Florence Crittenton Home of Charlotte, N. C., Inc. ” The oral and documentary evidence produced at the hearing establishes the identity of the intended beneficiary as did the will itself in specifying the address of the Home and referring to it as that which the decedent served during her life. In the absence of any doubt as to the identity of the beneficiary, testatrix’ failure to set forth the technical corporate name of the home will not defeat the gift. (Matter of Walters, 172 Misc. 207, affd. 259 App. Div. 1078, mod. on another point 285 N. Y. 158; Matter of Schuster, 175 Misc. 1072; Lefevre v. Lefevre, 59 N. Y. 434, 440.) Nor does the court find merit in the contention of the objectant that the gift to the Home is in violation of the rule against perpetuities. For the purposes of this determination, it is unnecessary to consider the nature of the gift, as absolute or creating a trust, since in any event the gift vested immediately. It is of course immaterial whether said gift was in fee or a trust in perpetuity. (Beal Property Law, § 114; Personal Property Law, § 13.)
The court approves the proposed sale of testatrix’ real property in the borough of Bichmond, described in the stipulation of the attorneys for the parties concerned, on the terms set forth. In the absence of objections the claim of the attorneys for the accountant for compensation as requested in schedule C-l of the account is allowed. Account settled. Submit decree accordingly on notice.