[No. 44652. En Banc. June 30, 1977.]

*In the Matter of the Estate of*
LANGDON CHAPIN HENRY, JR.

THE DEPARTMENT OF REVENUE, *Appellant,* v.
ELIZABETH C. HENRY, ET AL, *as*
*Executors, Respondents.*

*Slade Gorton, Attorney General,* and *Leroy E. Dreisbach, Assistant,* for appellant.

*Graham, McCord, Dunn, Moen, Johnston & Rosenquist,* by *Stephen A. Crary* and *W. H. Jaynes, Jr.,* for respondents.

HOROWITZ, J.—This appeal involves the construction and application of RCW 83.16.020, which permits remaindermen to defer the payment of inheritance tax on their remainder interests until the remaindermen come into possession of their remainder interests. We accepted certification from the Court of Appeals, Division One.

The facts are undisputed. The testator, Langdon Chapin Henry, Jr., died on December 15, 1972, in Seattle, Washington at the age of 61. His will of August 2, 1951, together with the first codicil of May 1, 1968, were admitted to probate on February 2, 1972. The same day Seattle–First National Bank and Elizabeth C. Henry, testator's wife, qualified as coexecutors.

Elizabeth Henry was 60 when the testator died. In accordance with RCW 83.16.020 and tables of mortality and value issued by the Insurance Commissioner, the value for a life estate for a wife such as Mrs. Henry, is .399998 of the total estate and the remainder is .600002 of the total estate.

Section 4.2 of the will identifies the testator's children as Ann Elizabeth Henry (now Ann Henry Bohart), Barbara Calvert Henry (now Barbara Henry Koon) and Langdon Chapin Henry, III. The three children are named in section 4.2 and 4.3 as "ultimate beneficiaries" of the estate. They are the only children of the testator and Mrs. Henry. They all survived him. At testator's death, Ann was 37, Barbara 35, and Langdon III, 33.

The coexecutors duly filed an inheritance tax report on September 14, 1973, and paid the amount shown as due, $127,107.96. The coexecutors and ultimate beneficiaries asserted the right to defer the $168,811.91 inheritance tax attributable to their remainder interests pursuant to RCW 83.16.020. By a letter dated October 5, 1973, the State Department of Revenue (State) denied the right to defer and requested payment of the amount due on the remainder plus $1,125.98 interest, for a total of $169,937.89. The reason given in the letter for refusing deferral was that, because the trustee had discretion to pay income to the ultimate beneficiaries during the lifetime of their mother, they could presently enjoy benefits of the estate. The Director of the Inheritance Tax Division of the Department of Revenue entered findings on February 25, 1974, conforming to the October 5, 1973, letter.

On March 11, 1974, the coexecutors, on behalf of the ultimate beneficiaries, and pursuant to RCW 83.28.060 and .050, timely filed objections to the findings of the Department of Revenue. There is no dispute concerning the balance unpaid. The only issue is the right to defer.

The coexecutors moved for summary judgment before the Superior Court. The State produced affidavits attempting to show consistent administrative interpretation on the matter of deferral. The coexecutors submitted affidavits to rebut the State's showing. After discussion, the Superior Court told the attorneys it was basing its decision on "an interpretation of the statute, period"; that affidavits of the State were not useful because they failed to show a consistent policy. At the court's suggestion, the parties inserted a

sentence in the order and summary judgment stating it was agreed "that the case could be decided on interpretation of the statute, as an unambiguous statute, without reference to any administrative interpretation of the statute." The court granted the summary judgment motion of the coexecutors and ordered that the ultimate beneficiaries be allowed to defer payment of inheritance tax.

The sole issue is whether the ultimate beneficiaries under the Langdon Chapin Henry, Jr., will qualify for the right to defer payment of inheritance tax under RCW 83.16.020.

A proper understanding of this question involves a review of decedent's will and of RCW 83.16.020. The will, after making certain specific bequests, provides the testator's residuary estate goes to the Seattle–First National Bank in trust. The trust provides that the widow, Elizabeth C. Henry, is given a life estate, and the remainder interests are given to the testator's three children.

Paragraph 4.3 of decedent's will, as modified by his first codicil, states that the trustee "shall pay" to the wife "so much of the net income of the trust estate and, if necessary, so much of the principal thereof, as may be required or be proper for her continued care, support and maintenance in accordance with such standard as she may be enjoying at the time of my death . . ." The amount of net income and principal necessary for the support and maintenance of Mrs. Henry is left to the uncontrolled discretion of the trustee.

The will further provides that "to the extent necessary and proper" the net income remaining after the wife has been provided for, and after her death, all income as well as principal, may, in the trustee's discretion, be used for the benefit of the ultimate beneficiaries and their dependents. The text of paragraph 4.3 of decedent's will is set out in the Appendix.

Thus, the trustee is under a mandatory obligation to provide for the wife's support and maintenance from the income and, if necessary, the principal of the trust estate while the amount distributable to the ultimate beneficiaries

is discretionary with the trustee. In no event may the trustee invade the trust principal during the wife's lifetime for the benefit of the ultimate beneficiaries. The first right that the ultimate beneficiaries have to the remainder or any part thereof, is when it falls into their possession upon the wife's death.

The discretionary trust created for the benefit of the ultimate beneficiaries therefore differs substantially from the mandatory trust created for the benefit of the life tenant—the wife. The trustee's sole discretion in the case of the life tenant is to fix the amount to be paid by applying the mandatory standard set up in the trust. The trustee's discretion is "uncontrolled" to this limited extent. No similar limitations are contained in the case of the discretionary trust for the remaindermen. The rights created by the discretionary trust in favor of the remaindermen are described in G. Bogert, *Handbook of the Law of Trusts* § 41, at 159 (5th ed. 1973):

> Sometimes the settlor provides that the trustee shall pay to or apply for the beneficiary only so much of the income or capital of the trust as the trustee sees fit to use for that purpose, and that the remainder of the trust income or property shall be used for another purpose. This is a true "discretionary trust," in the sense that there is a discretion to give the named beneficiary some benefits under the trust or to give him nothing. The technical meaning of the phrase in this connection should be carefully noted, since every trust involves some discretionary powers in the trustee. Here obviously the beneficiary cannot force the trustee to use any of the trust property for his benefit nor should anyone taking under him, such as a transferee or creditor, be in any better position.
>
> In a suit to compel the trustee to pay or apply, the trustee could reply that he had elected not to pay or apply. Therefore, the nature of the trust gives the beneficiary no interest subject to assignment or to the claims of his creditors, before the time when the trustee has elected to pay or apply some of the trust property for the beneficiary. Alienation and attachment are prevented,

not by an express prohibition in the trust instrument but by the character of the interest given the beneficiary.

(Footnotes omitted.) *See generally* 2 A. Scott, *The Law of Trusts* § 155, at 1180–85 (3d ed. 1967).

Bearing in mind the nature of interest created by the discretionary trust as to income remaining after the wife's needs have been met, we turn to a consideration of RCW 83.16.020. That statute reads as follows:

When the estate of a deceased person is subject to an inheritance tax, and there is an annuity, life estate, or an estate for a term of years given to one or more persons and the remainder to another or others, the entire estate shall be appraised as other estates are required to be appraised by the laws of this state. The value of the annuity, life or term estate shall be determined in accordance with the rules, methods, and standards of mortality and value that are set forth in tables to be furnished by the insurance commissioner of this state upon request of the department of revenue based upon such mortality tables as is from time to time required by law for use by life insurance companies in this state in determining nonforfeiture values under ordinary life insurance policies, except that the rate of interest used in computing the present value of the annuity, life or term estate shall be three and one-half percent per annum, and the value of the remainder interest shall be determined by deducting such computed value from the value of the entire property. After the values shall have been determined as provided in this section, the tax shall be computed and collected in the same manner that the tax on other estates is computed and collected: *Provided,* That any person owning the beneficial interest in the remainder may defer the payment of the tax thereon until he comes into possession of the same by filing in the office of the county clerk within thirty days after the determination of the tax, a good and sufficient surety company bond to the state, or such other security as is deemed by the department of revenue to be adequate, in a sum equal to the amount of the tax conditioned that he will pay such tax in full within sixty days after coming into possession of the estate. The bond shall not operate to defer payment of the tax unless it is approved by the department of revenue, and if it shall appear to the

department at any time that a bond previously filed and approved has become insufficient it may require a new bond to be filed. If the person owning the beneficial interest in the remainder shall fail to file a bond within the time herein provided, or if he shall fail to file a new bond when directed by the department, the tax shall immediately become due and payable.

We note that but for the proviso, remaindermen would have to pay an inheritance tax determined by the value of their remainder at the date of the decedent's death. Under the proviso "any person owning the beneficial interest in the remainder may defer the payment of the tax thereon until he comes into possession of the same . . ."

The ultimate beneficiaries come within the language of the proviso and are therefore entitled to have the inheritance tax on their remainder interests deferred, upon compliance with the bond in other security requirements of the statute.

▮ The State contends the statute is inapplicable because this is not the case of a life estate in "one or more persons and the remainder to another or others," the type of interest required by the statute before inheritance taxes on the remainder may be deferred. The State points out the ultimate beneficiaries may, in the trustee's discretion, receive income during Mrs. Henry's life if any remains after Mrs. Henry's requirements are met. It therefore concludes the ultimate beneficiaries are also life tenants, so there is no remainder to "another or others." The vice of the argument is that the children do not have a life tenancy. It is Mrs. Henry who has the life tenancy and who is mandatorily entitled to payments from the income and, if necessary, from principal in order to provide her with the support and maintenance described in the will.

It must be remembered that an estate subject to inheritance tax is valued as of the date of decedent's death. RCW 83.16.010. Neither RCW 83.16.010 nor .020 make the tax dependent upon events occurring after the date of death.

Accordingly, the sole life tenancy was the life tenancy created in the surviving widow, Mrs. Henry, the mother of the children involved. It is that life tenancy whose value was computed in the manner provided by statute and the balance, the remainder interest, was likewise computed in the manner required by statute. The life tenant in this case is in one person, Mrs. Henry, and the remainder interest is "in another or others"—the children. The statute therefore applies. *See Skovron v. Third Nat'l Bank,* 509 S.W.2d 497 (Tenn. App. 1973). The State cites no authority for the proposition that a mere chance of receiving income makes the ultimate beneficiaries also life tenants during the period of their mother's lifetime.

A chance of receiving income is not the same as an immediate right of possession. The latter is the right to presently possess and enjoy the estate. *Gilmore v. Commissioner,* 213 F.2d 520 (6th Cir. 1954). Were the rule otherwise it would be impossible to predict accurately the present value of the future right to income payable in the sole discretion of the trustee; the trustee may never give the ultimate beneficiaries any income during their mother's lifetime. Furthermore, an inheritance tax computed under these circumstances would require immediate payment out of an estate which is intended to provide the life tenant with income for the rest of her life. There is nothing in the statute or its history that indicates this result is intended.

The State also contends that the tax on the remainder interest is payable without deferment because of article 2 of the decedent's will. That article provides:

> I hereby direct that my executrix [in a second codicil to Mr. Henry's will the word executrix was defined to include Seattle–First National Bank, the co–executor which is also appointed as trustee] hereinafter named pay all of my just debts . . . and all lawful inheritance, estate, succession or other taxes thereon . . . said payments to be made out of the principal or income of my residuary estate or partly out of principal and partly out of income or if necessary or desirable, partly or wholly through funds borrowed.

The purpose of such a clause is to relieve the recipients of specific bequests from the need to pay inheritance taxes otherwise payable and deductible from the legatee's share of the estate. *See In re Estate of Phillips,* 133 Wash. 41, 233 P. 27 (1925). In *Phillips,* in response to a similar contention, the court said on page 48:

Something has been said in the briefs about the provision in the will requiring the executor to pay the tax, but this provision is only to the effect that the executor shall pay the "inheritance tax if any be due." There is nothing in the will that indicates that, on determining the amount of the tax, it should be ascertained in any other manner than that fixed by the law.

Respondents call attention to In re Estate of Speckart, Thurston County cause No. 13780, decided January 31, 1972, a case involving an inheritance tax deferral question. The Speckart will contained the following provision:

As soon as practical after the death of the Grantor, the Trustee is directed to pay from the principal of the trust estate an amount equal to the succession taxes that are charged against the estate of the Grantor under the Federal Estate Tax or the Washington State Inheritance Tax. The Trustee is directed to pay such estate and inheritance taxes in the full amount assessed regardless of whether a portion of such taxes may have been imposed on properties passing at the time of her death, but not included in the trust estate. The Trustee shall not be reimbursed for taxes so paid by either Grantor, or her heirs, devisees or legatees.

Nevertheless the court held deferral of the tax attributable to the remainder interest was permitted stating:

Under paragraph 4(a) of said Trust Indenture, the grantor did not intend to confer any benefit upon the State of Washington with respect to timing of payment of any such taxes, nor to limit the exercise of judgment or discretion by the trustee with respect to the timing of payment of any such taxes, nor to deny to persons owning beneficial interests in the remainder the right to defer inheritance taxes on remainder interests as conferred by RCW 83.16.020.

Finding of fact No. 14. The court concluded in that case:

That Paula M. Speckart by paragraph 4(a) of the above referred to Trust Indenture on July 23, 1956, did not intend to confer and did not confer any benefit or right upon the State of Washington concerning the timing of payment of inheritance taxes which might become due and owing the State of Washington from the Trust assets, and did not intend to deny and did not deny to persons owning beneficial interest in the remainder of the Trust the right to defer inheritance taxes on remainder interests as conferred by RCW 83.12.020.

Conclusion of law No. 1.

It is inconceivable the testator intended by article 2 of his will to benefit the State of Washington. The most the will provides is that the trustee shall pay from the principal of the trust estate those succession taxes, including the inheritance tax, when they shall become due and payable. That time has not yet arrived.

Affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., concur.

### APPENDIX

Paragraph 4.3 of decedent's will, as modified by the first codicil, provides:

During and for the lifetime of my said wife, ELIZABETH C. HENRY, I direct that the trustee shall pay to or use for my said wife so much of the net income of the trust estate and, if necessary, so much of the principal thereof, as may be required or be proper for her continued care, support and maintenance in accordance with such standard as she may be enjoying at the time of my death, and the care, support, maintenance and education of any person(s), including the ultimate beneficiaries, who may be dependent in whole or in part upon my said wife for care, support, maintenance and education. The amount of net income and principal necessary or proper so to be paid to or used for my said wife shall be determined by the trustee through the use of its sole and uncontrolled discretion and shall be paid monthly, quarterly, or at other convenient intervals. In exercising its discretion the trustee shall consider other income and principal assets available to my said wife but it shall not require my wife to exhaust such principal assets for so long as they may be prudently invested or otherwise devoted to

her general comfort and welfare and the general comfort and welfare of any person(s), including the ultimate beneficiaries, who may be so dependent upon her. To the extent necessary or proper, so much or all of the balance of the net income and, after the death of my said wife, so much or all of said net income and so much of the principal of the trust estate as the trustee in its discretion may deem necessary or proper therefor, shall be used for the care, support, maintenance, education and business development of the ultimate beneficiaries and any person(s) who may be dependent upon them or upon any of them for care, support, maintenance and education. Funds paid directly to an ultimate beneficiary shall be considered to have been used for said beneficiary hereunder. In connection with the foregoing, the trustee may consider the relative circumstances, talents and needs of said ultimate beneficiaries as the same exist or seem to exist from time to time, and the trustee shall make said payments and/or said use of said net income and principal accordingly, with no obligation of equal apportionment among ultimate beneficiaries. If, however, payment is made out of principal to one ultimate beneficiary, or use of principal is made for his or her benefit, I authorize the trustee to set aside for or to pay to each other ultimate beneficiary a like amount of principal so that the trustee can substantially equalize the participation of all ultimate beneficiaries in the trust principal. If an ultimate beneficiary dies before final distribution of the trust estate but is survived by a child or children (my grandchild or grandchildren) then said child or children, equally, per stirpes, shall be and become an ultimate beneficiary, and shall be substituted for and shall take the place hereunder and shall receive the benefits of the ultimate beneficiary who was the parent of said child or children.