[No. 46601.   En Banc.   July 3, 1980.]

*In the Matter of the Estate of*
ROY H. GUNDERSON.

*In the Matter of the Estate of*
ARTHUR E. EDWARDS.

*In the Matter of the Estate of*
BLANCHE M. BURROUGHS.

*Slade Gorton, Attorney General,* and *William B. Collins, Assistant,* for appellant.

*William O. Webb, Fitch & Ludwick,* by *John H. Ludwick* and *Richard I. Sampson,* for respondents.

HICKS, J.—Under RCW 83.16.020, the estates of Roy H. Gunderson, Arthur E. Edwards and Blanche M. Burroughs seek to defer payment of inheritance tax attributable to remainder interests. By agreement of counsel, the cases were heard together in the trial court on stipulated facts and they were decided upon motions for summary judgment. The Department of Revenue (Department) denied the requests for deferral in all instances; however, the trial court decreed otherwise and it allowed the deferrals in full as sought by Edwards and Burroughs. While a deferral was also granted in Gunderson, the amount allowed was markedly less than that submitted by the estate. Both the Department and the estate appealed in Gunderson, while only the Department appealed in Edwards and Burroughs. The cases were consolidated in the Court of Appeals and certified to this court. We accepted certification and we affirm the trial court.

Testator Edwards died October 14, 1973. He left his corporate stock in trust for the benefit of his wife, Marjory, his son, Arthur, Jr., and his three great–granddaughters. Under the terms of the trust, the trustee pays the net trust income 60 percent to Marjory and 40 percent to Arthur, Jr. Upon the death of Marjory, Arthur, Jr., receives all the assets of the trust except the portion reserved for the great–granddaughters. Payment of the tax on the amount to be distributed to the great–granddaughters is not here in dispute.

Testatrix Burroughs died August 18, 1976. Her will created a trust for the benefit of her daughter, Blanche Olivia (Olivia), and her granddaughter, Yvonne.

Under the terms of this trust, the trustee pays Olivia two–thirds of the trust income and the remaining third to Yvonne. Both payments are to be continued until Yvonne attains the age of 35, at which time the trust income is to be paid in equal parts to Olivia and Yvonne until Olivia's death. Upon Olivia's death before Yvonne attains 50 years of age, all of the trust income is to be paid to her until she is 50. The trust terminates and its assets are to be distributed to Yvonne upon her fiftieth birthday, or upon Olivia's death, whichever is later.

Testator Gunderson died October 29, 1976. His will created a trust significantly different in nature from the two above described.

In Gunderson, the trustee is to provide a college, professional or technical education for the lineal descendants of specified individuals. Educational funds are to be furnished to an eligible descendant if the trustee, in its discretion, determines that beneficiary possesses the aptitude and intellectual ability to successfully pursue a desired course of study.

The trust is to continue until 1 day prior to the time its provisions violate the rule against perpetuities. At such time, the potentially violative portions of the trust are to be distributed to the living lineal descendants of the individuals specified in the will.

In Edwards, deferral was sought of tax attributable to Arthur, Jr.'s, remainder interest; in Burroughs, deferral was sought of tax attributable to Yvonne's remainder interest; and in Gunderson, deferral was sought of tax attributable to the interest of those lineal descendants who might be eligible as distributees of the trust assets. The Department denied the applications.

Under RCW 83.28, findings of the Department fixing tax due were filed in all three estates. The executors and trustees filed timely objections to the findings. Under agreement

of counsel, the cases were heard on motions for summary judgment. In each instance the estate prevailed, deferral of inheritance tax was allowed, and these appeals by the Department followed. Because the trial court allowed deferral in a lesser amount than the Gunderson estate requested, the estate also appealed.

## TEST FOR DEFERRAL

RCW 83.16.020 provides in pertinent part:

> If the property passing includes an annuity, life estate, or a term of years given to one or more beneficiaries *and a remainder, reversion, or other future interest given to one or more other beneficiaries,* the present value of the interest of each beneficiary shall be determined in accordance with actuarial tables . . . After the values shall have been determined as provided in this section, the tax shall be computed and collected in the same manner that the tax on other estates is computed and collected: *Provided, That any person owning the beneficial interest in the remainder may defer the payment of the tax* thereon until he comes into possession of the same . . .

(Italics ours.)

Under this statute, the Department contends the test for deferral of inheritance tax payment is whether a prior estate (annuity, life or term) is given to one or more persons and the remainder is given to a *different person* or persons. Applying this test to Edwards and Burroughs, the Department concludes that neither Arthur, Jr., nor Yvonne may defer payment of tax attributable to his or her remainder interest. They both have a present enforceable right to a portion of the trust income and, therefore, they are not "another" to whom the remainder was given (in Arthur, Jr.'s, case, the remainder following Marjory's death; in Yvonne's case, the remainder following Olivia's death). Arthur, Jr., and Yvonne, each as a remainderman, is the same person who has been receiving trust income from the estate.

The Department would also apply this test to Gunderson, obtaining the same result. At the time the trust assets

are distributed, 1 day short of violating the rule against perpetuities, some living lineal descendants may also have been the recipients of educational benefits. Consequently, because one or more Gunderson remaindermen potentially have rights both in the prior estate and the remainder interest, such a distributee is not "another" who will receive the remainder. Thus, the Department contends state inheritance tax deferral is not available in Gunderson.

*In re Estate of Henry*, 88 Wn.2d 745, 565 P.2d 1166 (1977), presented this court with its only opportunity to construe and apply this portion of RCW 83.16.020. The facts in *Henry*, however, were such that we did not have occasion to address the issue presently before the court.

■■ When there is doubt, tax statutes are construed against the government and in favor of the taxpayer. *Department of Revenue v. Hoppe*, 82 Wn.2d 549, 552, 512 P.2d 1094 (1973). RCW 83.16.020 recognizes the inequity of requiring one to pay tax upon an interest from which he derives no present benefit. The statute is also an expression of a policy which seeks to avoid depleting estate assets intended to benefit another, which requiring immediate payment of the tax on remainder interests would do. *In re Estate of Henry, supra.*

■ With these principles in mind, we turn to RCW 83.16.020. The first sentence,

> If the property passing includes [a prior estate] given to one or more beneficiaries and a remainder, . . . given to one or more other beneficiaries, the present value of the interest of each beneficiary shall be determined in accordance with actuarial tables . . .

provides only a method of valuation of interests passing through an estate. The next sentence prescribes the method for computation and collection of taxes payable. Then comes the proviso, "*any person* owning the beneficial interest in the remainder may defer the payment of the tax thereon until he comes into possession of the same . . ." (Italics ours.) The words "any person" are not qualified by earlier language. There is no language stating in effect "any

person, except those owning a prior interest" may defer payment. Accordingly, each remainderman in the estates here at issue may defer payment of inheritance tax attributable to his or her *remainder* interest, regardless of ownership of a prior interest in the estate.

We note that under the possession test for tax deferral, a remainderman owning a prior interest in an estate appears to have no more effect on the value of his remainder interest than if the prior interest had been owned by a stranger. Thus, we perceive no reason to upset the legislative policy permitting a remainderman to defer inheritance tax on his remainder interest until he has the right to its possession.

## AMOUNT DEFERRABLE

As to the amount of tax deferrable, in this instance we accept the calculations made by Edwards and Burroughs in the respective amounts of $26,454.99 and $60,909.89.[1] We do not, however, concur with the calculations of Gunderson. Under its method, tax attributable to any interest passing

---

[1]The computations from stipulated facts are:

### EDWARDS

| | |
|---|---|
| $453,667.81 | (value of the trust) |
| −136,170.22 | (value of life interest as determined from the insurance commissioner's life expectancy tables and 3.5 percent statutory interest rate) |
| $317,497.59 | (value of remainder interest) |

$317,497.59 ÷ $818,514.37 x $68,201.44 = $26,454.99
(total net estate assets) (total tax) (deferrable amount)

### BURROUGHS

| | |
|---|---|
| $1,313,514.21 | (residue to trust) |
| x .49872 | (factor from insurance commissioner's table for calculating reversion. This factor includes life expectation for one 52 years old (22.03 years) and 3.5 percent statutory interest rate) |
| $665,050.21 | (value of remainder interest) |

$665,050.21 ÷ $1,616,526.59 x $148,052.66 = $60,909.89
(total assets to Class A beneficiaries) (total inheritance tax attributable to Class A beneficiaries) (deferrable amount)

*See In re Estate of Heidner,* 7 Wn. App. 488, 500 P.2d 1284 (1972).

through the trust is deferrable, including the educational benefits. This expands the test to encompass more than just a remainder interest. As acknowledged by counsel at oral argument, educational benefits are not remainders; they are present interests of currently living lineal descendants, subject to the discretion of the trustee.

The educational trust in Gunderson, therefore, is to be valued and taxed. The method for valuation is embodied in RCW 83.16.020 and its application described in *In re Estate of Heidner,* 7 Wn. App. 488, 500 P.2d 1284 (1972). Six steps are involved: (1) Entire estate to be valued (gross value); (2) Gross estate value to be reduced by deductions enumerated in RCW 83.04.013 to ascertain net value for inheritance tax purposes (net value); (3) Estate net value is assumed available for any life beneficiary as determined by specified mortality tables; (4) Net value of estate is assumed to earn annual interest of 3.5 percent for the period determined in 3 above; (5) Present value of the assumed return in 4 above is obtained by discounting the assumed return at 3.5 percent per annum; and (6) Value of the remainder for inheritance tax purposes is calculated by deducting the assumed present value (1 through 5 above) from the value of the entire bequest made subject to the remainder and prior interests.

Applying this process to Gunderson, we find that 1 day prior to its violating the rule against perpetuities, the present value of the remainder interest of the trust is $23,715.95. The inheritance tax on that value is $5,766.28.[2] The Gunderson estate may defer payment of that amount.

---

[2]The computation in the Gunderson estate is:

| | |
|---|---|
| 67.28 | (life expectancy from age 1 year) |
| +21.00 | (additional period under rule against perpetuities) |
| 88.28 | (total years until corpus is distributed) |

| | |
|---|---|
| $489,547.50 | (value of trust assets) |
| x .035 | (statutory interest rate) |
| 17,134.16 | (annual trust income) |
| x 27.1873 | (3.5 percent present worth annuity factor, from insurance commissioner's tables) |
| $465,831.55 | (present value of educational trust) |

Affirmed.

UTTER, C.J., ROSELLINI, STAFFORD, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., and HENRY and SOULE, JJ. Pro Tem., concur.

Reconsideration denied August 25, 1980.

$489,547.50
−465,831.55
23,715.95   (value of remainder interest)

$23,715.95   ÷   $619,478.47  x   $150,619.62   =   $5,766.28
              (total Class C     (total Class C        (deferrable
              assets)            tax)                  amount)